# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RODNEY WILSON MCCLANTON,
ADC #108785                                                                                        PLAINTIFF

V.                              5:17CV00290 BRW/JTR

BUNDIT, Assistant Warden,
Cummins Unit, ADC, et al.                                                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

1

## I. Introduction

Plaintiff Rodney Wilson McClanton ("McClanton") is a prisoner in the Cummins Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants violated his constitutional rights. Doc. 2 & 8. Before McClanton may proceed with this action, the Court must screen his allegations.[1]

## II. Factual Allegations

McClanton alleges that, on or about July 30, 2017, inmate Breelove saw him masturbating in the shower; acted out what he saw McClanton doing; and made vulgar comments about McClanton's body. *Id.* McClanton contends that he reported Breelove's comments and behavior to Defendant Assistant Warden Musselwhite ("Musselwhite"), who ordered an Internal Affairs investigation that was conducted by Defendant John Doe ("Doe"). McClanton claims that Doe never spoke to him about the incident and did not give him a "stress test" to confirm the truth of his allegations against Breelove. Doc. 2 at 4.

On or about September 6, 2017, Defendant Assistant Warden Bundit

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

("Bundit") told McClanton that the Doe's investigation concluded and that his findings were "inconclusive." *Id.* Bundit also said that he thought Breelove was just "joking" and "having some fun" with McClanton. *Id. at 5*. Bundit then refused to transfer McClanton or Breelove to a different barrack. *Id.*

McClanton alleges that seeing Breelove in the barrack makes him uncomfortable and causes him to "relive" the July 30, 2017 incident "again and again." *Doc. 3 at 1*.

### III. Discussion

To state a viable failure to protect claim, McClanton must plead facts suggesting that: (1) objectively, there is a substantial risk that Breelove will seriously harm him; and (2) subjectively, Bundit, Musselwhite, and Doe knew of and disregarded that substantial risk of serious harm. *See Walls v. Tadman*, 762 F.3d 778, 782 (8th Cir. 2014); *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010).

As to the objective element, McClanton does *not* allege that Breelove touched or physically harmed him on July 30, 2017, or that there is currently a substantial risk that Breelove will do so sometime in the future. *See Young v. Selk*, 508 F.3d 868 (8th Cir. 2007) (explaining that, to satisfy the objective component, an inmate must plead facts demonstrating that he is "incarcerated under conditions posing a substantial risk of serious harm"); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished opinion) (explaining that sexually

3

harassing comments, absent contact or touching, do not rise to the level of a constitutional violation). Instead, McClanton *admits* that Breelove's July 30, 2017 behavior, albeit offensive, was an isolated incident. *See Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007) (providing that "a single incident, or series of isolated incidents" does not constitute a substantial risk of harm); *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (explaining that threats and vulgar comments are common between inmates).

Further, as to the subjective component, McClanton does *not* allege that Bundit, Musselwhite, and Doe ignored his allegations against Breelove. Instead, McClanton admits that they took his allegations seriously and ordered an internal investigation. McClanton's disagreement with the results of that investigation, or the manner in which it was conducted, does not rise to the level of a constitutional violation. *See Schaub v. VonWald,* 638 F.3d 905, 914 (8th Cir. 2011) (explaining that deliberate indifference, which is "equivalent to criminal-law recklessness," requires a "callous disregard or reckless indifference").

Finally, McClanton alleges that Bundit, Musselwhite, and Doe violated ADC policies and the Prison Rape Elimination Act ("PREA") by failing to conduct a more thorough investigation. However, McClanton does not have a constitutional right to enforce ADC policies. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Similarly, there is no private right of action under the PREA, which is a statute that

4

authorizes the federal government to give grants to prisons and detention facilities that implement procedures designed to reduce the number of prison rapes. *See Bowens v. Wetzel,* Case No. 16-3036, 2017 WL 35712 (3rd Cir. Jan. 4, 2017) (unpublished opinion); *Krieg v. Steele,* Case No. 13-11402, 2015 WL 1652327 (5th Cir. Apr. 15, 2015) (unpublished opinion); *LeMasters v. Fabian,* No. 09-702, 2009 WL 1405176 (D. Minn. May 18, 2009) (unpublished opinion).

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, because McClanton has failed to state a claim upon which relief may be granted.

2. Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 5th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE